FILED
SCRANTON

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA   FEB 1 6 2012

Per_____
DEPUTY CLERK

| | | |
|---|---|---|
| STEWART PREBLE, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 3:10-1896 |
| v. | : | |
| | : | (JUDGE NEALON) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | (MAGISTRATE JUDGE CARLSON) |
| Defendant | : | |

## MEMORANDUM

On September 10, 2010, Plaintiff, Stewart Preble, filed a complaint seeking review of the denial of his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Doc. 1). A Report was issued by United States Magistrate Judge Martin C. Carlson on September 19, 2011 recommending that Plaintiff's appeal be denied. (Doc. 12). Plaintiff filed objections to the Report and Recommendation ("R&R") on October 6, 2011 and Defendant filed a response on October 31, 2011. (Docs. 13, 16). The matter is ripe for resolution and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed, the court must make a de novo determination of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further, the court may, in the exercise of sound judicial discretion, rely on the magistrate judge's

proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney, 749 F.2d at 7. When no objections are made to a report, the district court is not statutorily required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.).

**Background**

Plaintiff first filed an application for DIB and SSI in October 2005, alleging disability since April 13, 2004 due to leg and back injuries. (TR. 25-26, 39-44). After his request for benefits was denied at the initial level, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). (TR. 27-31). A hearing was held before ALJ James Andres on June 7, 2007. (TR. 280-30). ALJ Andres issued a decision on September 17, 2007 denying Plaintiff benefits. (TR. 11-17). Plaintiff appealed the decision and, on February 25, 2009, the Honorable James M. Munley remanded the matter to the Commissioner. Preble v. Astrue, 2009 WL 473750 (M.D. Pa.). Judge Munley directed the Commissioner to more adequately consider the testimony of the Plaintiff's treating physician and reassess Plaintiff's credibility. Id. Upon remand, a supplemental hearing was held before ALJ Sridhar Boini on October 1, 2009. ALJ Boini subsequently issued a decision on October 8, 2009 denying Plaintiff's application for benefits. (TR. 40). Plaintiff requested review of ALJ Boini's decision by the Appeal Council, however the request for review was denied. The instant appeal followed on September 10, 2010. (Doc. 1). On February 1, 2011, Plaintiff filed a brief in support of his appeal. (Doc. 10).

Defendant filed an opposing brief on March 2, 2011. (Doc. 11). Magistrate Judge Carlson issued a Report on September 19, 2011 recommending that the appeal be denied. (Doc. 12). Plaintiff filed timely objections to the R&R on October 6, 2011 and Defendant filed a response on October 31, 2011. (Docs. 13, 16).

**Disability Determination Process**

The Social Security Regulations establish a five-step evaluation process which is used to determine if a person is entitled to disability benefits. See 20 C.F.R. § 404.1520. If at any step in the process the Commissioner finds that a plaintiff is disabled or not disabled, review does not proceed any further. 20 C.F.R. §§ 404.1520, 416.920. The steps in the process are as follows: (1) Is the individual engaging in substantial gainful activity? (2) Does the individual have a severe impairment? (3) Does the individual have an impairment which meets or equals the listing of impairments as set forth in 20 C.F.R. part 404, subpart P, appendix 1? (4) Does the individual retain the residual functional capacity ("RFC") to engage in his/her past relevant work? and (5) If an individual does not have the capacity to engage in his/her past work, does s/he retain the capacity to perform jobs which exist in significant numbers in the national economy? See Social Security Ruling 86-8; 20 C.F.R. § 404.1520.

The disability determination involves shifting burdens of proof. Mason v. Shalala, 994 F.2d 1058, 1063-64 (3d Cir. 1993). The initial burden rests with the claimant to demonstrate that he or she is unable to engage in his or her past relevant work. Id. at 1064. If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. Id.

**Discussion**

ALJ Boini proceeded through each step of the sequential evaluation process and determined that Plaintiff was not disabled within the meaning of the Social Security Act . (TR. 328-340). The ALJ determined that Plaintiff has not engaged in substantial gainful activity since his alleged onset date, April 13, 2004. (TR. 330). The ALJ next determined that Plaintiff suffered from the severe impairments of left piriformis syndrome status post release of piriformis muscle left hip, left sciatic nerve neuropathy, and degenerative joint disease of the lumbosacral spine without disc herniation. (TR. 330-332). However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the listing requirements, either singly or in combination. (TR. 332). The ALJ found that Plaintiff could not perform any of his past relevant work, but he retained the residual functional capacity to perform a range of sedentary work. (TR. 332-339). The ALJ determined that there were a significant number of jobs in the national economy that Plaintiff could perform. (TR. 339-340). Plaintiff was therefore found to be not disabled within the meaning of the Social Security Regulations. (TR. 340).

In the Report and Recommendation, the Magistrate Judge concluded that substantial evidence supports the ALJ's determination that Plaintiff is not disabled. The Magistrate Judge recommended that Plaintiff's appeal be denied. (Doc. 12).

Plaintiff sets forth the following objections to the R&R:

1. The Magistrate Judge erred in determining that the ALJ properly evaluated and rejected the opinion of Matthew Brand, M.D., Plaintiff's treating physician.

2. The Magistrate Judge erred in determining that the ALJ performed his affirmative obligation to assist Plaintiff in developing the record and did not exhibit bias against him.

4

      3.      The Magistrate Judge erred in determining that the ALJ properly addressed Plaintiff's work history when assessing his credibility.

(Doc. 13).

Defendant argues that because Plaintiff's objections "reiterate (word for word)" the arguments in Plaintiff's brief in support of his appeal, the objections should be rejected. (Doc. 16, pg. 1). This Court notes that Plaintiff's objections restate the arguments raised in his initial brief. (Docs. 10, 13). See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004) (Overruling the objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), affirmed, 262 Fed. Appx. 474 (3d Cir. 2008). See also Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.) (In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of Plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.). Upon review, there is no clear error in the Report and Recommendation and it will be adopted. Nevertheless, this Court will conduct an independent examination.

The Magistrate Judge determined that the ALJ did not err in evaluating the opinion of Dr. Brand and that Plaintiff is essentially asking the court to inappropriately reconsider and re-weigh the evidence of record. (Doc. 12, pg. 14) (citing Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005)). The Magistrate Judge stated that ALJ Boini set forth six reasons why he gave little weight to Dr. Brand's opinion. (Doc. 12, pgs. 17-25). Magistrate Judge Carlson carefully reviewed the ALJ's discussion of Dr. Brand's opinions and the other evidence of record. Specifically, he noted that ALJ Boini found that MRIs, EMGs, and a lumbar myelogram did not

support a finding of disability, objective signs and physical examinations performed by seven physicians did not support a finding of disability, Dr. Brand was biased because he had sympathy for Plaintiff and was paid to testify in his worker's compensation case, Dr. Brand's opinion of disability became stronger as Plaintiff's social security hearing approached, Dr. Brand used a different definition of disability than that under the Act, Dr. Brand relied too much on Plaintiff's own subjective complaints, and a disability determination is reserved for the Commissioner. (Doc. 12, pgs. 18-19; TR. 338). Based upon these findings and other objective evidence of record, ALJ Boini accorded little weight to Dr. Brand's opinion. Magistrate Judge Carlson has not erred in determining that ALJ Boini did not err in his evaluation of Dr. Brand's opinions.

The Magistrate Judge next stated that Plaintiff's claim that ALJ Boini was biased is baseless. (Doc. 12, pgs. 25-30). Plaintiff argues that ALJ Boini failed to adequately develop the record, that Plaintiff's counsel observed his impairments, Plaintiff was subsequently awarded disability benefits, and statistics show that ALJ Boini is generally biased and has a high denial rate. (Doc. 13, pgs. 19-24). The Magistrate Judge thoroughly discussed each of these arguments. He noted that Plaintiff bears the burden of proving his disability and the ALJ was not required to obtain additional evidence because the record was adequately developed. (Doc. 12, pgs. 25-26) (citing Heckler v. Campbell, 461 U.S. 458 (1983)). An ALJ does not need to further develop the record if the evidence received is adequate for the ALJ to determine whether the claimant is disabled. See 20 C.F.R. § 416.912(e). The transcript in this case is nearly 600 pages long and contains sufficient information for the ALJ to make a disability determination. (Doc. 7). Dr. Brand's reports are complete and there would seemingly be no reason for the ALJ to recontact him. 20 C.F.R. § 416.912(e)(1) provides, in part, that a medical source will be recontacted for

purposes of clarification when the evidence is inadequate. A treating physician will be recontacted:

> [W]hen the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

20 C.F.R. § 416.912(e)(1). Additionally, Social Security Regulation 96-5p provides that an ALJ should recontact a treating physician for clarification if the evidence does not support the treating physician's opinion. In the present matter, there were no such conflicts or ambiguities.

Magistrate Judge Carlson also noted that Plaintiff's counsel's observations and Plaintiff's subsequent award of benefits are not part of the record on appeal and are therefore irrelevant. (Doc. 12, pgs. 27-28) (citing Matthews v. Apfel, 239 F.3d 589 (3d Cir. 2005)). Additionally, the Magistrate Judge stated that Plaintiff's argument that ALJ Boini has a high denial rate does not demonstrate manifest bias. (Doc. 12, pgs. 28-29) (citing Doan v. Astrue, 2010 WL 1031591 (S.D. Cal. March 19, 2010)). See also Grant v. Shalala, 989 F.3d 1332, 13 (3d Cir. 1993) (The District Court may not make its own findings of fact regarding the alleged bias of an ALJ, but may only review the Secretary's findings and, if necessary, remand to the agency). Magistrate Judge Carlson acknowledged that ALJ Boini had a higher denial rate than other ALJs, however, he found that Plaintiff has not presented evidence that ALJ Boini was specifically biased against him. (Doc. 12, pgs. 29-30). See 20 C.F.R. §§ 404.940, 416.1440 (Claimant can seek disqualification of an ALJ "if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision."). The Magistrate Judge has not erred in his analysis.

Lastly, the Magistrate Judge stated that ALJ Boini's analysis of Plaintiff's credibility is supported by substantial evidence. (Doc. 12, pgs. 31-35). Magistrate Judge Carlson determined that ALJ Boini specifically discussed Plaintiff's work history and found that it weighed in favor of his credibility. (Doc. 12, pg. 34). Plaintiff argues that he continued to obtain employment after his injury, however he was unable to obtain work because his limitations were too severe. (Doc. 13, pg. 25). The ALJ considered the evidence and ultimately concluded that Plaintiff was not entirely credible. (TR. 333-338). The Magistrate Judge has not erred in determining that substantial evidence supports the ALJ's credibility determination.

Accordingly, the Report and Recommendation will be adopted. An appropriate Order will follow.

Date: February 16, 2012

_____
United States District Judge